# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BANK OF NEW YORK MELLON,

    Plaintiff

v.

ROBERT J. LAWS, III, et al.,

    Defendants

Case No.: 2:17-cv-01032-APG-CWH

**Order Granting in Part Defendant Tantalum Trust's Motion to Dismiss**

[ECF No. 29]

    Plaintiff Bank of New York Mellon (BONY) brought this suit to determine whether its deed of trust still encumbers property located at 5510 Tantalum Lane in Las Vegas, Nevada following a non-judicial foreclosure sale conducted by the homeowners association (HOA). The HOA bought the property at the sale and then quitclaimed it to defendant Tantalum Trust, which is the current property owner. Tantalum Trust moves to dismiss, arguing BONY's declaratory relief claim is untimely and fails to allege a basis to set aside the HOA foreclosure sale. BONY responds that its claim is timely and adequately alleges several reasons to set aside the sale. BONY alternatively requests leave to amend.

    The parties are familiar with the facts, and I do not repeat them here except where necessary. I deny Tantalum Trust's motion on the ground that the complaint is untimely, but I grant Tantalum Trust's motion to dismiss for failure to state a claim, with leave to amend.

## I. ANALYSIS

### A. Statute of Limitations

    "A claim may be dismissed as untimely pursuant to a 12(b)(6) motion only when the running of the statute of limitations is apparent on the face of the complaint." *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013)

(alteration and quotation omitted). A limitations period begins to run "from the day the cause of action accrued." *Clark v. Robison*, 944 P.2d 788, 789 (Nev. 1997). A cause of action generally accrues "when the wrong occurs and a party sustains injuries for which relief could be sought." *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990); *see also State ex rel. Dep't of Transp. v. Pub. Emps.' Ret. Sys. of Nev.*, 83 P.3d 815, 817 (Nev. 2004) (en banc) ("A cause of action 'accrues' when a suit may be maintained thereon." (quotation omitted)). Nevada has adopted the discovery rule, and thus time limits generally "do not commence and the cause of action does not 'accrue' until the aggrieved party knew, or reasonably should have known, of the facts giving rise to the damage or injury." *G & H Assocs. v. Ernest W. Hahn, Inc.*, 934 P.2d 229, 233 (Nev. 1997).

Tantalum Trust argues a three-year limitation period applies to BONY's declaratory relief claim, although it cites no authority in support of that proposition. I have previously ruled that the four-year catchall limitation period in Nevada Revised Statutes § 11.220 applies to claims under § 40.010 brought by a lienholder like BONY seeking to determine whether an HOA sale extinguished its deed of trust. *See Bank of Am., N.A. v. Country Garden Owners Ass'n*, No. 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018).

The HOA sale took place on June 28, 2013, and the trustee's deed upon sale was recorded on July 15, 2013. ECF No. 1 at 5. BONY filed its complaint on April 11, 2017. Its declaratory relief claim therefore is timely. Consequently, I deny Tantalum Trust's motion to dismiss the declaratory relief claim as time-barred.

**B. Failure to State a Claim**

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v.*

*Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

Tantalum argues that BONY's complaint does not allege a basis to set aside the sale. BONY responds that Chapter 116 as it existed at the time of this sale violated BONY's due process rights; the HOA's foreclosure notices were insufficient because they did not identify the superpriority amount; and the HOA sale was not calculated to promote an equitable sales price or properly attract bidders.

BONY bears the burden of alleging a plausible basis to set aside the HOA sale "in light of [Tantalum Trust's] status as the record title holder . . . and the statutory presumptions that the HOA's foreclosure sale complied with NRS Chapter 116's provisions." *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 642-43 (Nev. 2017). "[M]ere inadequacy of price is not in itself sufficient to set aside the foreclosure sale, but it should be considered together with any alleged irregularities in the sales process to determine whether the sale was affected by fraud, unfairness, or oppression." *Id.* at 648. "A grossly inadequate price may require only slight evidence of fraud, unfairness, or oppression to set aside a foreclosure sale." *SFR Investments Pool 1, LLC v. First Horizon Home Loans, a Div. of First Tennessee Bank, N.A.*, 409 P.3d 891, 895 (Nev. 2018) (en banc). However, the fraud, unfairness, or oppression must have "affected the sales price." *Res. Grp., LLC as Tr. of E. Sunset Rd. Tr. v. Nevada Ass'n Servs., Inc.*, 437 P.3d 154, 161 (Nev. 2019) (en banc).

3

BONY's complaint does not plausibly allege a basis to set aside the sale. First, Chapter 116 as it existed at the time of this sale did not violate BONY's due process rights. *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623-24 (9th Cir. 2019) (citing *SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, 422 P.3d 1248 (Nev. 2018) (en banc)); *Nationstar Mortg. LLC v. Amber Hills II Homeowners Ass'n*, No. 2:15-cv-01433-APG-CWH, 2016 WL 1298108, at *6-9 (D. Nev. Mar. 31, 2016). Second, the HOA "was not required to identify that it was foreclosing on a superpriority lien or the amount of the superpriority lien." *U.S. Bank Nat'l Ass'n for GSAA Home Equity Tr. 2007-3 Asset-Backed Certificates Series 2007-3 v. Saticoy Bay LLC Series 3930 Swenson*, No. 2:17-cv-00463-APG-GWF, 2018 WL 3231245, at *3 (D. Nev. July 2, 2018) (citing *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 418 (Nev. 2014) (en banc)). Finally, the Supreme Court of Nevada has rejected the notion that an HOA has a duty to obtain the highest price it could when conducting an HOA foreclosure sale. *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 644-45 (Nev. 2017).

Additionally, although BONY did not mention it in its opposition to the motion to dismiss, the complaint alleges on information and belief that a tender attempt would have been futile. ECF No. 1 at 8. However, the complaint does not allege anyone attempted tender. "Absent evidence that the HOA or its agent affirmatively thwarted . . . efforts to tender the superpriority amount, the alleged futility of any such effort does not establish unfairness or oppression." *Nationstar Mortg., LLC v. Melvin Grp., LLC*, No. 71028, 422 P.3d 711, 2018 WL 3544972, at *2 (Nev. 2018); *but see Bank of Am., N.A. v. Thomas Jessup, LLC Series VII*, 435 P.3d 1217, 1220 (Nev. 2019) (holding that an offer to pay the superpriority lien, "combined with

4

[a] rejection of that offer, operated to cure the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust").

Because BONY has not plausibly alleged a basis to set aside the foreclosure sale, I dismiss its declaratory relief claim. However, I grant BONY leave to amend this claim because it is not clear that amendment would be futile. *Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1118 (9th Cir. 2013) ("As a general rule, [d]ismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment." (quotation omitted)).

## II. CONCLUSION

IT IS THEREFORE ORDERED that defendant Tantalum Trust's motion to dismiss **(ECF No. 29) is GRANTED in part**. The motion is denied to the extent it seeks dismissal with prejudice based on the statute of limitations. The motion is granted on the basis that the complaint fails to state a claim for declaratory relief.

IT IS FURTHER ORDERED that plaintiff Bank of New York Mellon may file an amended complaint on or before August 9, 2019.

DATED this 19th day of July, 2019.

ANDREW P. GORDON  
UNITED STATES DISTRICT JUDGE